1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
FILED
CLERK, U.S. DISTRICT COURT

2/14/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ____CDO____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

SCOTT RAUL ESPARZA,
  aka "Hazard,"

       Defendant.

No. CR  2:24-cr-00092-JWH

I N F O R M A T I O N

[18 U.S.C. § 371: Conspiracy; 18
U.S.C. § 1030(a)(5)(A), (b),
(c)(4)(B)(i), (c)(4)(A)(i)(VI):
Unauthorized Impairment of a
Protected Computer]

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 371]

A.   OBJECT OF THE CONSPIRACY

    Beginning on an unknown date in 2019 and continuing to on or

about September 13, 2022, in Los Angeles County, within the Central

District of California, and elsewhere, defendant SCOTT RAUL ESPARZA,

also known as "Hazard" ("ESPARZA"), and others known and unknown to

the United States Attorney, knowingly conspired and agreed with each

other to knowingly cause the transmission of programs, information,

1  codes, and commands, and as a result of such conduct, intentionally

2  cause damage without authorization to protected computers, and

3  specifically to cause such damage affecting ten or more protected

4  computers during a one-year period, in violation of Title 18, United

5  States Code, Section 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(VI).

6  B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

7       ACCOMPLISHED

8       The object of the conspiracy was to be accomplished, in

9  substance, as follows:

10      1.   Defendant ESPARZA would offer services via the website

11 Astrostress.com that would allow his subscribers, for a fee, to cause

12 floods of Internet traffic to be directed to victim computers, an

13 online attack technique known as "Distributed Denial of Service" or

14 "DDoS," for the purpose of degrading or disrupting the victim

15 computers' access to the Internet.

16      2.   Defendant ESPARZA would construct these DDoS attacks to use

17 a practice known as "amplification," meaning that brief commands sent

18 to third-party computers and devices would cause much longer strings

19 of data to be sent to the victim in response.

20      3.   Defendant ESPARZA would construct the attacks in such a

21 manner as to disguise the true origin of the electronic queries sent

22 to such computers and devices, so that the computers and devices

23 sending the floods of Internet traffic perceived the queries to be

24 coming from the victim computers rather than ESPARZA or his

25 subscribers, a practice known as "spoofing."

26      4.   Defendant ESPARZA would maintain and improve the

27 Astrostress.com website and services, respond to requests for

28 attacks, subscriptions, or assistance from potential or current

customers, and market the Astrostress.com website in an attempt to draw subscribers to Astrostress.com and away from other competitor websites.

C.   <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish its object, defendant ESPARZA and others committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

<u>Overt Act No. 1</u>:   On or about February 7, 2022, defendant ESPARZA helped a customer perform a successful DDoS attack against schools and offices in the Baltimore County Public Schools network, asking the customer "are you sure that IP is the only one the school has?"  After defendant ESPARZA had provided assistance, the customer sent the below image, to which defendant ESPARZA responded, "so it is working."



<u>Overt Act No. 2:</u>   On or about February 8, 2022, defendant ESPARZA recorded a video demonstrating an attack being conducted using Astrostress.com.

                                  COUNT TWO

    [18 U.S.C. § 1030(a)(5)(A), (b), (c)(4)(B)(i), (c)(4)(A)(i)(VI)]

        Beginning on an unknown date in 2019 and continuing to on or
about September 13, 2022, in Los Angeles County, within the Central
District of California, and elsewhere, defendant SCOTT RAUL ESPARZA,
also known as "Hazard," knowingly caused the transmission of
programs, information, codes, and commands, and as a result of such
conduct, intentionally and without authorization caused damage and
attempted to cause damage by impairing the integrity and availability
of data, programs, systems, and information on protected computers,
as that term is defined in Title 18 United States Code, Section
1030(e)(2)(B), thereby causing and attempting to cause damage
affecting ten or more protected computers during a one-year period
beginning on or about September 13, 2021.

FORFEITURE ALLEGATION

[18 U.S.C. § 1030]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1030, in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Information.

2.    The defendant so convicted shall forfeit to the United States of America the following:

a.    All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

b.    Any property used or intended to be used to commit the offense; and

c.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled
with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

KHALDOUN SHOBAKI
Assistant United States Attorney
Chief, Cyber & Intellectual
Property Crimes Section

LAUREN RESTREPO
Assistant United States Attorney
Deputy Chief, Cyber & Intellectual
Property Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section