E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
AARON FRUMKIN (Cal. Bar No. 308479)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6799
    Facsimile: (213) 894-2927
    E-mail:   Aaron.Frumkin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SCOTT RAUL ESPARZA |
| v. | |
| SCOTT RAUL ESPARZA, aka "Hazard," | |
| Defendant. | |

1.   This constitutes the plea agreement between SCOTT RAUL ESPARZA, ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO"), in the investigation of defendant's conduct as described in paragraph 14 below.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to counts one and two of a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to commit unauthorized impairment of protected computers, in violation of 18 U.S.C. § 371, and unauthorized impairment of protected computers, in violation of 18 U.S.C. § 1030(a)(5)(A), (b), (c)(4)(B)(i), (c)(4)(A)(i)(VI).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Defendant shall be limited to maintaining no more than one virtual currency wallet, and that one wallet shall be used for all virtual currency transactions. Defendant shall not obtain or open any virtual currency wallets/accounts without prior approval of

2

the Probation Officer.  All virtual currency transactions, along with any virtual currency wallet Extended Public Keys (XPUB), shall be disclosed to the Probation Officer upon request.  Defendant shall be limited to only using and possessing open public blockchain virtual currencies and restricted from using privacy-based blockchain virtual currencies, unless prior approval is obtained from the Probation Officer.

ii.  Defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data related to email accounts, financial accounts, and social media accounts.

iii. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure, and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

iv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program unless defendant demonstrates an inability to pay, as determined by the Probation Officer.

v.   Defendant shall comply with the Internal Revenue Service's reporting requirements as they pertain to virtual currencies and shall provide proof of having done so to the Probation Officer.

vi.   Defendant shall submit defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

vii. Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than defendant's true legal name, nor shall defendant use any name other than defendant's true legal name without the prior written approval of the Probation Officer.

### FORFEITURE AND FINANCIAL ACCOUNTABILITY

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission

4

of, the illegal activity to which defendant is pleading guilty (the "Forfeitable Property").

      b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

      c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

      d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

      e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

      f.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

      g.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 13 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Guidelines Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or C of the Sentencing Table.

<u>NATURE OF THE OFFENSES</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to commit unauthorized impairment of protected computers, in violation of Title 18, United States Code, Section 371, the following must be true: first, there was an agreement between two or more persons to commit the crime as charged in the information; second, defendant became a member of the conspiracy knowing of its object and intending to help

accomplish it; and third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

6.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, unauthorized impairment of protected computers, in violation of Title 18, United States Code, Section 18 U.S.C. § 1030(a)(5)(A), pursuant to 18 U.S.C. § 1030(c)(4)(B)(i) and (c)(4)(A)(i)(VI), the following must be true: first, defendant knowingly caused the transmission of a program, code, command, or information; second, as a result of the transmission, defendant intentionally caused damage – that is, impaired without authorization the integrity or availability of data, programs, systems, or information – to a computer; third, the computer was a protected computer, as defined in 18 U.S.C. § 1030(e)(2)(B); and fourth, ten or more protected computers were affected during any one-year period.

<u>PENALTIES AND RESTITUTION</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1030(a)(5)(A), pursuant to 18 U.S.C. § 1030(c)(4)(B)(i), (c)(4)(A)(i)(VI) is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the

gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The USAO has not presently identified a specific restitution amount owed for the offense of conviction. Defendant understands that the Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

11. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

1

FACTUAL BASIS

2      14.  Defendant admits that defendant is, in fact, guilty of the

3  offenses to which defendant is agreeing to plead guilty.  Defendant

4  and the USAO agree to the statement of facts provided below and agree

5  that this statement of facts is sufficient to support pleas of guilty

6  to the charges described in this agreement and to establish the

7  Sentencing Guidelines factors set forth in paragraph 16 below but is

8  not meant to be a complete recitation of all facts relevant to the

9  underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11      Beginning on an unknown date in 2019 and continuing until

12  September 13, 2022, in Los Angeles County, within the Central

13  District of California, and elsewhere, defendant and others conspired

14  and agreed with each other to knowingly cause the transmission of

15  programs, information, codes, and commands, and as a result of such

16  conduct, intentionally cause damage without authorization to

17  protected computers, and specifically to cause such damage affecting

18  ten or more protected computers during a one-year period.

19      Defendant operated and co-administrated a DDoS-for-hire service

20  called "Astrostress.com" with Shamar Shattock ("Shattock").  The term

21  "DDoS" stands for "distributed denial of service," and refers to a

22  type of computer attack in which multiple computers attempt to make

23  connections through the Internet to a targeted computer at the same

24  time.  The amount of Internet traffic generated by such an attack

25  quickly overwhelms the capacity of the victim computer, resulting in

26  the victim computer being unable to send, receive, or respond to

27  commands.

28

1    Astrostress.com was a type of DDoS-for-hire service known as a
2  "booter" service, referring to its ability to "boot" victims off the
3  Internet.  Customers of Astrostress.com were offered various levels
4  of subscriptions – depending on how many attacks they wanted to
5  conduct and with what power – and were charged accordingly.  This
6  site thus enabled co-conspirators worldwide to set up accounts on
7  Astrostress.com and then use the Astrostress.com resources to direct
8  attacks at Internet-connected computers across the globe – that is,
9  computers used in and affecting interstate or foreign commerce or
10 communication.

11   Defendant was responsible for, among other things, procuring the
12 attack servers and maintaining the attack functionality of
13 Astrostress.com.  Defendant also assisted Shattock with marketing the
14 service, and he hired a co-conspirator to assist with responding to
15 support requests from customers of the service.  Defendant did not
16 own or have the rights to use the third-party computers he exploited
17 to generate the amplified attack power made available via the
18 Astrostress.com site, and he was aware that his customers were using
19 the site to attack computers that did not belong to the customers,
20 and which the customers had no authorization to impair.  Defendant
21 personally conducted thousands of attacks using his own service.

22   Between September 13, 2021, and September 13, 2022, while
23 defendant was administering the site, customers used the
24 Astrostress.com site to cause the transmission of programs, codes,
25 commands, and information to tens of thousands of protected
26 computers, as a result of which they impaired or attempted to impair
27 the availability of the victim computers by knocking them offline.
28

In or around September 2022, shortly after the FBI caused Astrostress.com to cease functioning, defendant called Shattock and left him a voicemail message in which he instructed Shattock to "clear" all his social media accounts "so nothing gets linked back to us."

SENTENCING FACTORS

15.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. §§ 2X1.1(a), 2B1.1(a)(1)] |
| Sophisticated means: | +4 | [U.S.S.G. § 2B1.1(b)(10)] |
| Conviction under § 1030(A)(5)(A): | +4 | [U.S.S.G. § 2B1.1(b)(19)(ii)] |
| Obstructing justice: | +2 | [U.S.S.G. § 3C1.1] |

13

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF RETURN OF DIGITAL DATA

20.  Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

21.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

22.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to the offense level as determined by the Court

15

at the time of sentencing, or an offense level of 17, whichever is lower, and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

23. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

24.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

17

such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//

1

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      32.  The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  E. MARTIN ESTRADA
   United States Attorney
9

10  *Aaron Frumkin*                              2/7/2024
    AARON FRUMKIN                                Date
11  Assistant United States Attorney

12  *[signature]*                               2-7-24
    SCOTT RAUL ESPARZA                           Date
13  Defendant

14  /s/ Steven Brody                            2-7-24
    STEVEN BRODY                                 Date
15  Attorney for Defendant
    SCOTT RAUL ESPARZA
16

17  //

18  //

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety. I have had enough
3 time to review and consider this agreement, and I have carefully and
4 thoroughly discussed every part of it with my attorney. I understand
5 the terms of this agreement, and I voluntarily agree to those terms.
6 I have discussed the evidence with my attorney, and my attorney has
7 advised me of my rights, of possible pretrial motions that might be
8 filed, of possible defenses that might be asserted either prior to or
9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10 of relevant Sentencing Guidelines provisions, and of the consequences
11 of entering into this agreement. No promises, inducements, or
12 representations of any kind have been made to me other than those
13 contained in this agreement. No one has threatened or forced me in
14 any way to enter into this agreement. I am satisfied with the
15 representation of my attorney in this matter, and I am pleading
16 guilty because I am guilty of the charges and wish to take advantage
17 of the promises set forth in this agreement, and not for any other
18 reason.

19

20 SCOTT RAUL ESPARZA          Date 1-7-24
   Defendant

21

22

23

24

25

26

27

28

21

1      <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2          I am SCOTT RAUL ESPARZA's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  guilty pleas pursuant to this agreement.

16  ____/s/ Steven Brody_____        ____2-7-24_____

17  STEVEN BRODY                                    Date
    Attorney for Defendant

18  SCOTT RAUL ESPARZA

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Exhibit A</u>**

1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                            FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,              No. CR

11            Plaintiff,                    I N F O R M A T I O N

12            v.                            [18 U.S.C. § 371: Conspiracy; 18
                                            U.S.C. § 1030(a)(5)(A), (b),
13   SCOTT RAUL ESPARZA,                    (c)(4)(B)(i), (c)(4)(A)(i)(VI):
        aka "Hazard,"                       Unauthorized Impairment of a
14                                          Protected Computer]

15            Defendant.

16

17

18        The United States Attorney charges:

19

20                                    COUNT ONE

21                                [18 U.S.C. § 371]

22   A.   OBJECT OF THE CONSPIRACY

23        Beginning on an unknown date in 2019 and continuing to on or

24   about September 13, 2022, in Los Angeles County, within the Central

25   District of California, and elsewhere, defendant SCOTT RAUL ESPARZA,

26   also known as "Hazard" ("ESPARZA"), and others known and unknown to

27   the United States Attorney, knowingly conspired and agreed with each

28   other to knowingly cause the transmission of programs, information,

codes, and commands, and as a result of such conduct, intentionally cause damage without authorization to protected computers, and specifically to cause such damage affecting ten or more protected computers during a one-year period, in violation of Title 18, United States Code, Section 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(VI).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
     ACCOMPLISHED

     The object of the conspiracy was to be accomplished, in substance, as follows:

     1.   Defendant ESPARZA would offer services via the website Astrostress.com that would allow his subscribers, for a fee, to cause floods of Internet traffic to be directed to victim computers, an online attack technique known as "Distributed Denial of Service" or "DDoS," for the purpose of degrading or disrupting the victim computers' access to the Internet.

     2.   Defendant ESPARZA would construct these DDoS attacks to use a practice known as "amplification," meaning that brief commands sent to third-party computers and devices would cause much longer strings of data to be sent to the victim in response.

     3.   Defendant ESPARZA would construct the attacks in such a manner as to disguise the true origin of the electronic queries sent to such computers and devices, so that the computers and devices sending the floods of Internet traffic perceived the queries to be coming from the victim computers rather than ESPARZA or his subscribers, a practice known as "spoofing."

     4.   Defendant ESPARZA would maintain and improve the Astrostress.com website and services, respond to requests for attacks, subscriptions, or assistance from potential or current

customers, and market the Astrostress.com website in an attempt to draw subscribers to Astrostress.com and away from other competitor websites.

        C.   <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish its object, defendant ESPARZA and others committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

<u>Overt Act No. 1:</u>   On or about February 7, 2022, defendant ESPARZA helped a customer perform a successful DDoS attack against schools and offices in the Baltimore County Public Schools network, asking the customer "are you sure that IP is the only one the school has?"  After defendant ESPARZA had provided assistance, the customer sent the below image, to which defendant ESPARZA responded, "so it is working."



Overt Act No. 2:    On or about February 8, 2022, defendant ESPARZA recorded a video demonstrating an attack being conducted using Astrostress.com.

COUNT TWO

[18 U.S.C. § 1030(a)(5)(A), (b), (c)(4)(B)(i), (c)(4)(A)(i)(VI)]

Beginning on an unknown date in 2019 and continuing to on or about September 13, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant SCOTT RAUL ESPARZA, also known as "Hazard," knowingly caused the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally and without authorization caused damage and attempted to cause damage by impairing the integrity and availability of data, programs, systems, and information on protected computers, as that term is defined in Title 18 United States Code, Section 1030(e)(2)(B), thereby causing and attempting to cause damage affecting ten or more protected computers during a one-year period beginning on or about September 13, 2021.

FORFEITURE ALLEGATION

[18 U.S.C. § 1030]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1030, in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Information.

2.   The defendant so convicted shall forfeit to the United States of America the following:

a.   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

b.   Any property used or intended to be used to commit the offense; and

c.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

6

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

KHALDOUN SHOBAKI
Assistant United States Attorney
Chief, Cyber & Intellectual
Property Crimes Section

LAUREN RESTREPO
Assistant United States Attorney
Deputy Chief, Cyber & Intellectual
Property Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section

7